UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AAR AIRLIFT GROUP, INC.,

    Plaintiff,

v.                        Case No. 6:12-cv-592-Orl-36TBS

MANSFIELD HELIFLIGHT, INC.,

    Defendant.

_____

ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendant's Reply, or Alternatively for Leave to File Sur-Reply (Doc. 27). Defendant has not filed a response to the motion and the time for doing so has expired.

Defendant filed a motion to dismiss this action for lack of personal jurisdiction and improper venue (Doc. 12), and Plaintiff filed its response to the motion (Docs. 19 and 20). Next, Defendant filed a motion for leave to file a reply, not to exceed three pages, to Plaintiff's response. (Doc. 21). As grounds, Defendant said "a short clarification of the Defendant's position would assist the Court's deliberation of the issue." (Id.) The Court granted the motion. (Doc. 23). Defendant's reply is six pages long and includes a new declaration executed by Defendant's president. (Doc. 26). Now, Plaintiff is asking the Court to strike the reply because it goes beyond a clarification of Defendant's position and injects new arguments and testimony into this dispute. (Doc. 27). In the alternative, Plaintiff seeks leave to file a sur-reply to Defendant's reply. (Id.)

Local Rule 3.01(d) provides that replies shall not exceed three pages and shall not include as an attachment, any "other paper." Defendant's reply is longer than Rule 3.01(d) permits and longer than Defendant represented it would be. The attachment of the declaration to the reply also violates Rule 3.01(d).

Defendant's stated purpose in filing a reply was to clarify its position. To clarify something means to make it clearer and more understandable. Paragraph 1 of Defendant's reply informs the Court of the inadvertent omission of the word "not" in paragraph 5 of the Affidavit of Eric D. Chase. This is a scrivener's error appropriately brought to the Court's attention.

Paragraph 2 of the reply explains the statement in Mr. Chase's affidavit that Defendant generates less than one percent of its annual revenue from business with customers in Florida. This statement also falls under the heading of a clarification.

The balance of the reply, and the declaration by Defendant's president, are devoted to rebutting an argument made by Plaintiff in its response to the motion to dismiss. These new matters in no way qualify as a clarification of Defendant's position and are appropriately stricken pursuant to Rule 12(f) Fed.R.Civ.P.

Accordingly, it is ORDERED that Plaintiff's motion to strike is GRANTED IN PART. With the exception of paragraphs numbered 1 and 2, Defendant's Reply (Doc. 26) is hereby STRICKEN. In all other respects, the motion to strike is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on July 31, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel